[Crim. No. 2326. Second Appellate District, Division Two.—May 16, 1933.]

In the Matter of the Application of JOHN W. OWENS for a Writ of Habeas Corpus.

A. P. Steffes for Petitioner.

Erwin P. Werner, City Attorney, and Mark L. Herron and John L. Bland, Deputies City Attorney, for Respondent.

PARKER, J., *pro tem.*—A writ of *habeas corpus* issued out of this court on December 31, 1932, made returnable January 9, 1933. Due return was made thereon and on January 9, 1933, there was filed herein a stipulation of facts. The petitioner was given his liberty on bail pending the proceeding.

No further action being taken, this court made its order dated March 31, 1933, requiring petitioner to show cause why the proceeding should not be dismissed for lack of prosecution. This order was returnable April 10, 1933. On this last date petitioner through counsel appeared. The order to show cause was vacated and petitioner granted until April 25, 1933, to file briefs, with time allowed respondent to answer and petitioner to reply. The cause was to stand submitted as of May 12, 1933.

No briefs have been filed nor has any request been made for further time. In this state of the record we might well dismiss the proceeding and order the petitioner remanded. However, inasmuch as the proceeding involves the liberty of a citizen, though he has presented the record without comment, we do inquire into the cause of his detention. The return shows petitioner to be in custody by virtue of a commitment issuing out of the municipal court after conviction of a misdemeanor. No question is raised as to the commission of the offense nor is complaint made concerning the regularity of all proceedings up to and including the trial and conviction. The one point urged is that petitioner was denied the right of appeal. We find no merit in this contention. Written notice of appeal was filed and the petitioner seemed to show the same zeal in pursuing his

cause on appeal as he has shown in the prosecution of the instant proceeding. The appeal was dismissed pursuant to provisions of section 1468 of the Penal Code.

An appeal was taken from the order refusing to vacate the dismissal and the action of the municipal court was affirmed. The record before us supports the conclusion that this appeal included likewise an appeal from the judgment. From the return and the stipulated facts we can see no irregularity in the proceedings.

The writ is discharged and petitioner remanded.

Works, P. J., and Stephens, J., concurred.